**UNITED STATES of America,**
**Appellee,**

v.

**Osiris DIAZ, Luis Ruiz, Defendants,**

**Hector Cruz, Defendant–Appellant.**

**No. 06–2365–cr.**

United States Court of Appeals,
Second Circuit.

March 21, 2008.

---

Virginia Chavez Romano & Celeste L. Koeleveld, Assistant United States Attorneys, for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, N.Y., for Appellee.

Laurie S. Hershey, Manhasset, N.Y., for Appellant.

PRESENT: Hon. WALKER, Hon. GUIDO CALABRESI, Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Hector Cruz appeals the portion of a judgment, entered on May 11, 2006 in the United States District Court for the Southern District of New York, that sentenced Cruz to two concurrent terms of 135 months' imprisonment for his involvement in a conspiracy to import and distribute cocaine. We assume the parties' familiarity with the facts of the case, its procedural history, and the issues on appeal.

■ Arguing that he was a "minor participant" in the conspiracy, Cruz asserts that the district court erred when it refused to reduce his offense level by two points under section 3B1.2 of the Sentencing Guidelines. Such an adjustment is not available "merely on a showing that the defendant 'played a lesser role than his co-conspirators.'" *United States v. Yu,* 285 F.3d 192, 200 (2d Cir.2002) (quoting *United States v. Rahman,* 189 F.3d 88, 159 (2d Cir.1999)). Cruz would only be entitled to a Guidelines reduction on this score if he could show that he was "substantially less culpable than the average participant" in the narcotics offenses of which he was convicted. U.S. Sentencing Guidelines Manual § 3B1.2 cmt. n. 3 (2006). Judge Sweet found that Cruz was a "central figure" in the conspiracy, based on the large quantities of cocaine with which he was entrusted. Cruz played an essential role in the scheme, repeatedly taking delivery of drugs and arranging their dispatch to the next link in the distribution chain. In these circumstances, a minor role adjustment was certainly not required. *See United States v. Garcia,* 920 F.2d 153, 155 (2d Cir.1990) (per curiam) (upholding denial of reduction where drug courier was "personally entrusted with and ultimately delivered . . . cocaine worth $23,000").

■ Additionally, Cruz suggests that the district court's decision was procedurally unreasonable, on the ground that Judge Sweet did not specifically mention any of the mitigating factors Cruz pressed before the district court. Judge Sweet, however, stated explicitly that he had considered the § 3553(a) factors, and "we presume, in the absence of record evidence suggesting otherwise, that a sentencing judge has faithfully discharged her duty to consider" those factors. *United States v. Fernandez,* 443 F.3d 19, 30 (2d Cir.2006); *see also United States v. Banks,* 464 F.3d

184, 190 (2d Cir.2006) ("It is true that [§ 3553(a) ] requires a court ... to 'consider' certain factors.... However, there is no requirement that the court mention the required factors, much less explain how each factor affected the court's decision.").

Finally, to the extent that Cruz claims his sentence was substantively unreasonable, we reject that contention. Given Cruz's integral role in importing over 1,500 kilograms of cocaine to the United States, the 135–month prison terms fall easily within the range of reasonable sentences that a district court could have imposed. *See Fernandez,* 443 F.3d at 27 ("Reasonableness review does not entail the substitution of our judgment for that of the sentencing judge. Rather, the standard is akin to review for abuse of discretion.").

The judgment of the district court is **AFFIRMED.**